# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| CHEROKEE METAL PRODUCTS, INC. | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | No.: 2:19-CV-00101-JRG-CRW |
| | ) | |
| MITEK USA, INC. | ) | |
|     Defendant | ) | |

## SECOND AMENDED COMPLAINT

Comes the Plaintiff, Cherokee Metal Products, Inc., pursuant to Local Rule 15.1, and amends its Complaint as follows:

*Facts*

1. Plaintiff, Cherokee Metal Products, Inc. (herein referred to as "Cherokee") is a Tennessee corporation with its principal office at 1002 Buffalo Trail, Morristown, Tennessee 37814.

2. Defendant, MiTek USA, Inc. (herein referred to as "MiTek"), is a Missouri corporation with its principal office at 16023 Swingley Ridge Road, Chesterfield, Missouri 63017. Plaintiff avers that Defendant has been transacting business in this state within the meaning of Tennessee's Long Arm Statutes, Tenn. Code Ann. §29-2-201, §20-2-214, and §20-2-225, and has purposefully availed itself of the privilege of carrying on its business activities in the State of Tennessee. Defendant may be served with process through the Secretary of State for the State of Tennessee.

3. Plaintiff is engaged in the business of the production and sale of metal truss connector plates for use in constructing trusses for buildings, both residential and commercial.

4. Defendant is also engaged in the business of the production and sale of metal truss connector plates, in additional to other activities. Therefore, Plaintiff and Defendant are competitors in the national metal truss connector plate market. There are basically five (5) manufacturers of metal truss connector plates in the United States, with Defendant MiTek being the largest, and Plaintiff being the smallest.

5. On or about May 10, 2001, Plaintiff entered into a Software Licensing Agreement (herein referred to as "the Agreement") with Robbins Manufacturing Company and Robbins Engineering, Inc. of Tampa, Florida. In the Agreement Robbins granted a license to Plaintiff to use its software Windows based package known as OnLine Plus. The software is designed for plant management use by manufacturers of building trusses. A copy of the Agreement is attached to this Complaint as Exhibit "1."

6. In addition to other terms, the Agreement provides the following terms:
(a) That Plaintiff shall pay to Robbins a monthly fee for use of the OnLine Plus Software package, which, after the third year was $10,000.00 per month (Agreement at Paragraph A(2)(b)(i)). (b) That the contract continued for a period of five (5) years, and was renewable for successive five (5) year terms at Plaintiff's option. The Agreement has remained in effect since its inception (Agreement at Paragraph A(3)). (c) Further, that Robbins **shall not promote, market, or sell metal connector plates to Plaintiff's customers (Agreement at Paragraph B(3)**). (d) Robbins also agreed to **maintain and enhance the Software on a continuous basis so that the OnLine Plus Software remains competitive (Agreement at Paragraph 2(j)**).

7. On or about December 28, 2006, the corporations of Robbins Engineering, Inc. and Robbins Manufacturing merged with Defendant MiTek, with MiTek emerging as the surviving corporation.

2

8. After Defendant MiTek's acquisition of the Robbins corporations, Defendant MiTek became the owner of the Software package known as OnLine Plus. The Agreement thereafter continued in full force and effect between Plaintiff Cherokee and Defendant MiTek. Since the merger, Plaintiff has continued use of the OnLine Plus Software, and has paid to Defendant MiTek the sum of $10,000.00 per month for the license to use it, and is currently paying $10,300.00 per month for the OnLine Plus Software.

9. Plaintiff avers that the use of the OnLine Plus Software had made it possible for Plaintiff's customers, truss manufacturing facilities, to more easily, and more competitively, build structurally sound trusses. Plaintiff avers that when it sells metal truss plates to its customers, it also provides to that customer access to the OnLine Plus Software for its own engineering use for each separate order of trusses.

10. Plaintiff avers that, during the years 2001-2006, Robbins, from time to time, made some enhancements to the OnLine Plus Software. However, since Defendant MiTek acquired ownership of OnLine Plus Software, it has made minimal changes to it, only those absolutely necessary to comply with changes in building codes. However, these changes did not improve the OnLine Plus Software to keep up with non-building code related enhancements which would make the software competitive with MiTek's own proprietary software, and other similar software in the market.

11. Plaintiff avers that Defendant MiTek, before its merger with Robbins, had developed its own proprietary metal truss connector plate software, which it has improved and enhanced in recent years, making it far superior to the OnLine Plus Software. However, Defendant MiTek has not made its proprietary software available to Plaintiff, it licensing to Plaintiff only the OnLine Plus Software. Neither has Defendant MiTek maintained and

3

enhanced the OnLine Plus Software on a continuous basis as it was required to do under the Agreement in order for it to remain competitive in the industry. Plaintiff avers that Defendant, MiTek, is in breach of the Agreement which obligated it to maintain and enhance the OnLine Plus Software on a continuous basis so that the Software remains competitive.

12. Plaintiff avers that, approximately fifty percent (50%) of its gross sales of metal truss connector plates over the last several years has been to one particular manufacturer of trusses. Plaintiff avers that, in breach of the Agreement, Defendant MiTek has begun selling metal truss connector plates directly to this same customer. Prior to the commencement of sales to this customer, Defendant MiTek had solicited that customer's metal truss connector plate business, again in violation of the Agreement. Plaintiff avers that the sole reason this long-time customer of thirty (30) years has begun to purchase its truss connector plates from Defendant MiTek is that the OnLine Plus Software provided by MiTek to the Plaintiff is far inferior to the proprietary software being provided by Defendant MiTek to the Plaintiff's former customer. Plaintiff avers that the OnLine Plus Software is no longer competitive with more advanced software applications in the market, particularly the proprietary software owned and leased by Defendant, MiTek.

## *Causes of Action*

### COUNT I – BREACH OF CONTRACT

13. Plaintiff incorporates herein by reference the allegations of Paragraphs 1-12.

14. Plaintiff avers that Defendant MiTek has materially breached the Agreement, as defined above in Paragraph 5, which has caused Plaintiff to suffer damages.

### COUNT II – TORTIOUS INTERFERENCE
### WITH ADVANTAGEOUS CONTRACTUAL OR BUSINESS RELATIONSHIPS

15. Plaintiff incorporates herein by reference the allegations of Paragraphs 1-14.

4

16. Plaintiff avers that Defendant MiTek is liable to Plaintiff for tortious interference with advantageous contractual or business relationships with its customers. Plaintiff avers that it had a long-time business relationship with the customer referred to in Paragraph 12, among others, all of which will be identified at the trial of this cause. Plaintiff further avers that Defendant MiTek had knowledge of said relationship, with which Defendant MiTek, in breach of the Agreement, intentionally and unjustifiably interfered with, as a result of which Plaintiff has sustained damages.

17. Plaintiff avers that the Defendant MiTek's motive for such interference was to obtain unlawful financial gain for itself, to the detriment of Plaintiff.

Further, Plaintiff avers that Defendant, by engaging in the anti-competitive conduct set forth in Paragraphs 18-22 herein, intentionally and unjustifiably, through improper means, interfered with Plaintiff's contractual or business relationships.

18. Plaintiff alleges that, while collecting from it $10,300.00 per month for use of the OnLine Plus software, Defendant has gradually, and intentionally, failed to enhance and improve such software. This caused one of Plaintiff's customer of over thirty (30) years, Tindell's, Inc. in Knoxville, Tennessee, a truss manufacturer, to contact Defendant. A representative of Tindell's, Inc. advised Defendant the "OnLine Plus continues to fall further and further behind and we are interested to look at Sapphire." Plaintiff avers that it was Defendant's strategy that its failure to enhance and improve its OnLine Plus software would cause Plaintiff's customers to abandon their use of OnLine Plus, and, in fact, turn to Defendant's superior Sapphire software.

19. Plaintiff avers that, when a truss manufacturing facility inquires about use of Defendant's proprietary software, it is told that, in order to use its Sapphire software, the customer must also agree to purchase all of its metal truss plates from Defendant. Tindell's, Inc.

5

was specifically advised that Sapphire was not available to it, if it continued to buy metal truss plates from Plaintiff. Further, Defendant refuses to license the Sapphire software to Plaintiff, in order that it could sublicense it to its customers who wish to purchase their metal truss plates from Plaintiff. Defendant further refuses to enhance and improve the OnLine Plus software to make it competitive.

20. Plaintiff avers that Defendant's internal communications indicate that it was of the opinion that "Tindell's is severely handicapped with software", but that its Sapphire software would not be available to Tindell's "if they buy plates from Cherokee."

21. Plaintiff avers that Defendant has been engaging in improper business practices, and that its anti-competitive behavior has caused Plaintiff's customer to turn to Defendant for their metal truss plate purchases.

22. Plaintiff has lost this customer to Defendant because of its inferior software, OnLine Plus. In 2018, Defendant sold its metal truss plates to Tindell's in the amount of $416,856.87, and through October, 2019, it sold its metal truss plates amounting to $602,331.72 to Tindell's. Plaintiff avers that its sales to Tindell's, Inc. have virtually ceased, except for one inconsequential sale.

## *Demand for Damages*

Wherefore, Plaintiff sues the Defendant for damages not to exceed Two Million Two Hundred Fifty Thousand Dollars ($2,250,000.00), plus costs, and demands a jury to try this cause.

**CHEROKEE METAL PRODUCTS, INC.**

By: /S/ *Edward L. Summers*
Edward L. Summers BPR #000628
Attorney for Plaintiff

**HAYNES MEEK & SUMMERS, PLLC**
5401 Kingston Pike, Suite 130
Knoxville, Tennessee 37919
(865) 546-8706

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on July 31, 2020, the foregoing was filed electronically to be served by operation of the Court's electronic filing system upon all attorneys of record.

      /S/ *Edward L. Summers*
      Edward L. Summers